[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11812
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-20508-JEM

PETER SPOREA,

Plaintiff-Appellant,

versus

REGIONS BANK, N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 13, 2021)

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Peter Sporea, proceeding *pro se*, appeals the district court's order granting Regions Bank, N.A.'s ("Regions") motion to dismiss and dismissing his amended complaint with prejudice as barred under *res judicata*, the *Rooker-Feldman* doctrine, and for lack of subject matter jurisdiction.   For the reasons stated below, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In February 2019, Sporea filed a *pro se* complaint against Regions, and then, in March 2019, he filed an amended complaint.   In the four-count amended complaint, Sporea alleged that, in 2003, he and Union Planters Mortgage/Bank ("Union") entered into a mortgage note agreement and that Union sold the note to Fannie Mae, which retained Regions as a servicer.   Sporea asserted that Regions had a duty to receive mortgage payments, process them toward the principle balance, and issue monthly statements and that Regions had no authority to refinance, modify, accelerate, or foreclose on the mortgage.   He claimed that the action was not linked to a foreclosure action already dismissed in 2014 or another action that was pending in the "lower courts," but instead claimed the action was for fraud or mistake with malice, intent, and knowledge against Regions' officers.   He alleged that Regions acted without authority to accelerate his mortgage payments and initiate a foreclosure and failed to (1) issue him monthly statements, (2) process his payments dating back to 2007, which were diverted to insurance policies, and (3) maintain a history of his payments.   Sporea asserted the district court had jurisdiction "based

2

on US Statutes & Rules/Codes." Sporea requeted the district court enter a judgment against Regions and dismiss its interest in the subject property.

Regions moved to dismiss the amended complaint and requested for judicial notice of state court records relating to the foreclosure, as the case was one of several that Sporea had filed *pro se* to seek review of a state court judgment of foreclosure. Regions explained that, in 2008, Sporea and his wife had defaulted on their foreclosure loan and that Regions had filed a foreclosure action in Broward County circuit court that resulted in two foreclosure actions, three foreclosure judgments, and several state court appeals that were affirmed. Regions argued that Sporea's claims were barred by *res judicata* and the *Rooker-Feldman* doctrine. Regions also noted that another judge in the Southern District of Florida had dismissed a virtually identical complaint and argued that the district court lacked subject matter jurisdiction because Sporea failed to properly allege a basis for jurisdiction. Regions attached several exhibits to its complaint, e.g., various state court records relating to the state foreclosure actions. Sporea filed a response and moved to strike Regions's motion.

A magistrate judge denied Sporea's motion to strike and granted Regions's motion for judicial notice, finding it was appropriate to consider the state court records in deciding the motion to dismiss, as their accuracy could not be reasonably questioned. The magistrate judge then issued a report and recommendation that

3

recommended Regions's motion to dismiss be granted and Sporea's amended complaint be dismissed with prejudice. Addressing the elements of *res judicata*, the magistrate judge found that: (1) the remedies sought in the state court action and the instant case indistinguishable, as both sought to dismiss Regions's interest in the subject property; (2) the facts essential to the maintenance of both actions were substantially the same, as they both concerned Regions's alleged violations of its duties as servicer of the mortgage; (3) both Sporea and Regions were parties to both actions; and (4) the parties had the incentive to adequately litigate the claims in the state action. As such, the magistrate judge found *res judicata* barred Sporea from bringing the action. For sake of completeness, the magistrate judge analyzed the *Rooker-Feldman* doctrine and found the amended complaint subject to dismissal, as it was seeking to relitigate a claim already decided in state court. And the magistrate judge found the amended complaint was subject to dismissal for lack of subject matter jurisdiction, as Sporea failed to identity which "US Statutes & Rule/codes" conferred jurisdiction. The magistrate also found amendment of the complaint would be futile.

Sporea objected to the report and recommendation, which included a section entitled "Notice of Partial Voluntary Dismissal" asserting that Sporea was voluntarily dismissing all portions of his cause of action and arguments related to the state court action except for whether Regions lacked authority to accelerate

4

payments and foreclosure and whether Regions failed to maintain a payment history. Then, on May 6, 2020, the district court adopted the report and recommendation. The district court found the magistrate judge did not err in taking judicial notice of the state court proceedings and agreed with report's conclusions on *res judicata* and the *Rooker-Feldman* doctrine. And, as to the notice of partial voluntary dismissal, the district court found it "nonsensical," as Regions's ability to accelerate the mortgage and foreclose on the subject property was precisely what the underlying lawsuit concerned. As such, the district court dismissed Sporea's amended complaint with prejudice. This appeal ensued.

## II.    STANDARDS OF REVIEW

We analyze the district court's decision to take judicial notice of certain facts under an abuse of discretion standard. *See Lodge v. Kondaur Cap. Corp.,* 750 F.3d 1263, 1273 (11th Cir. 2014). We review *de novo* the district court's application of the *res judicata* doctrine. *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069–70 (11th Cir. 2013).

## III.    ANALYSIS

On appeal, Sporea argues that the district court erred by (1) taking judicial notice of his state court proceedings, (2) finding that his notice of partial voluntary dismissal was ineffective, and (3) finding that both the *res judicata* and the *Rooker-*

*Feldman* doctrines barred his amended complaint.  We find these arguments without merit and address each in turn.

We first address Sporea's judicial notice argument.  A district court may judicially notice a fact that "is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b);.  A district court may also consider judicially noticed documents without converting a motion to dismiss to a motion for summary judgment.  *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).  Here, the district court did not abuse its discretion by taking judicial notice of documents related to Sporea's state court action.  Indeed, the state court proceedings documents were not subject to reasonable dispute, as their accuracy could be readily determined from a source whose accuracy could not reasonably be questioned.  *See Cunningham v. Dist. Attorney's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010) (taking judicial notice of records from state and federal proceedings in a 42 U.S.C. § 1983 action).

Turning to Sporea's partial voluntary dismissal argument, it is true that a plaintiff may voluntarily dismiss an action without a court order if the parties sign a joint stipulation.  *See* Fed. R. Civ. P. 41(a)(1)(ii).  However, the rule only allows actions to be dismissed in their entirety.  *See Perry v. Schumacher Grp. of La.*, 891

6

F.3d 954, 958 (11th Cir. 2018). Therefore, the parties cannot use a joint stipulation under Rule 41(a)(1) to dismiss only certain claims without dismissing the entire action, and a stipulation that purports to do so is invalid. *Id.* We therefore find that the district court did not err in rejecting Sporea's attempt to partially dismiss his claims because, without a court order, a partial dismissal is the improper avenue to drop a particular claim. *See id.*

Finally, we address Sporea's *res judicata* argument. When we are asked to give *res judicata* effect to a state court judgment, we must apply the *res judicata* principles of the state whose decision is set up as a bar to further litigation. *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1252 (11th Cir. 2009). Here, that state is Florida. *Res judicata* applies under Florida law when there is identity of: (1) "the thing sued for"; (2) the cause of action; (3) the persons or parties to the action; (4) the quality or capacity of the persons for or against whom the claim is made; and (5) the original claim has been disposed of on the merits. *Lozman*, 713 F.3d at 1074. For the second criteria, the identity of the cause of action is a matter of "whether the evidence or facts necessary to maintain the suit are the same in both actions." *Id.* (quoting *Tyson v. Viacom, Inc.*, 890 So. 2d 1205, 1209 (Fla. Dist. Ct. App. 2005) (en banc)). For the fourth criteria, the test is whether the parties involved in the state action had the incentive to adequately litigate the claims in the same capacity as they would in the federal action. *See McDonald v. Hillsborough Cnty. Sch. Bd.*, 821 F.2d

7

1563, 1566 (11th Cir. 1987). Under Florida law, the pendency of an appeal does not diminish the preclusive effect of a judgment. *See Gen. Dynamics Corp. v. Paulucci*, 914 So.2d 507, 510 (Fla. Dist. Ct. App. 2005) (en banc). Additionally, under Florida law, *res judicata* applies to claims that could have been raised in the prior action. *See Long v. Sec'y Dep't of Corr.*, 924 F.3d 1171, 1179 (11th Cir. 2019).

Here, the district court did not err by dismissing Sporea's amended complaint as barred by *res judicata* under Florida law because there had been a final judgment on the merits in Florida and because the "thing sued for," facts, parties, and incentive were the same in both actions, i.e., Sporea sought to invalidate Regions's interest in the property and obtain a judgment that Regions had failed in its duties as a loan servicer and had wrongfully diverted over $200,000 in mortgage funds. And Sporea's pending appeal of the final amended judgment did not diminish the preclusive effect of the judgment.

Accordingly, as the district court properly dismissed Sporea's amended complaint as barred by *res judicata,* we need not address Sporea's additional arguments. We therefore affirm the district court's order dismissing with prejudice the amended complaint.

**AFFIRMED.**